ADA M. WEBB ET AL., PLAINTIFFS, v. WEST JERSEY AND
SEASHORE RAILROAD COMPANY, DEFENDANT.

Argued May 8, 1924—Decided November 24, 1924.

1. One of the plaintiffs was driving in an automobile owned by the
   other plaintiff to the railroad station of the defendant to pur-
   chase a newspaper from a news-stand located therein, and while
   traveling along a private road belonging to the defendant, and
   used as an approach to the station, and which crossed a spur
   track, the automobile was struck at the crossing by a train of the
   defendant, and plaintiff was injured. The news-stand was con-
   ducted by a company other than the railroad company, but with
   its knowledge and consent. *Held*, that the plaintiff occupied the
   position of an invitee of the railroad company.
2. A railroad train was backing down on a spur track approaching
   a private road crossing with the bell upon the engine ringing,
   and the automobile in which one of the plaintiffs was riding was
   struck by the train at the crossing. *Held*, that as the statutory
   provision relating to such signal applies only to public highway
   crossings, it was a jury question under the facts in the case,
   whether such a warning given of the approach of the train was
   sufficient to absolve the railroad company from the charge of
   negligence; and *held, further*, that it was for the jury to say,
   under said facts, whether the plaintiff was guilty of contributory
   negligence in failing to heed such warning.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the rule, *Bourgeois & Coulomb*.

*Contra, Westcott & Weaver*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is a suit brought by a
father and daughter to recover compensation for injuries
sustained by a collision between a train of the defendant
company and an automobile belonging to the father, Gilbert

Webb, and being driven by his daughter Ada. The latter sues to recover compensation for personal injuries; the former sues to recover compensation for the injury done to his automobile. The trial resulted in a verdict in favor of each of the plaintiffs.

The proofs showed that Miss Webb was going to the railroad station of the defendant company at Glassboro for the purpose of purchasing a newspaper at the news-stand which was located there. Upon reaching a point on the public highway opposite the station, she turned into a private road belonging to the railroad company, constructed for and used as an approach to its station. What is known as a spur track had been laid between the main highway and the railroad station and crossed this private road. The collision occurred at the crossing point, the automobile having been struck as it was passing over this spur track by a train of the defendant company which was backing down to the crossing. Miss Webb claimed that she observed the train as she approached the track, and that it was then standing still at a point about forty feet from the crossing. The proof on the part of the defendant showed that the train had been backed from a point several hundred feet above the crossing, and was continuously in motion until the collision occurred, and that it was at that time running at a speed of from five to ten miles an hour. There was proof on the part of the defendant also that as this train backed toward the crossing the engine bell was being rung, and that there were two brakemen standing on the roof of the car next to the crossing, who were there for the purpose of signaling the engineer with relation to the movement of the train; that they observed Miss Webb as she turned to cross the spur track, and "let out a holler," but that this did not cause her to stop.

The first ground upon which we are asked to set this verdict aside is that it is against the weight of the evidence. Our examination of the proofs sent up with the rule leads us to the conclusion that this contention is not well founded. Assuming that the evidence supports the claim of the defendant with relation to the conditions under which the

accident happened, the questions of the negligence of the railroad company and the contributory negligence of Miss Webb were, nevertheless, for the jury.

Admitting that the engine bell was rung as the train was backing down, that fact did not necessarily absolve the railroad company from the charge of negligent operation, for the statutory provision relating to such a signal applies only to public highway crossings, and, consequently, it became a question for the jury whether the ringing of the bell, without more, was a sufficient warning to people about to cross this spur track at the place where the accident occurred, that the train was, in reality, moving in a direction opposite to that in which railroad trains normally proceed; in other words, that it was backing down the track toward the crossing, instead of following the engine away from it. Nor does the fact that the two brakemen on top of the car halloaed to Miss Webb as she turned to cross the track, even when taken in conjunction with the ringing of the bell, necessarily relieve the railroad company from responsibility. The duty resting upon it was to use reasonable care to so operate the train as it was approaching the crossing as to protect persons who, in the exercise of due care, were about to cross the tracks, and whether it discharged its duty by the performance of the acts of its employes which we have recited was a matter for the jury to settle; and in determining this matter it should have, and undoubtedly did, take into consideration the uncontradicted fact (which we have not before mentioned) that as the train was backing down on the spur the conductor in charge of it alighted, and, as it approached a road crossing similar to that at which the collision occurred, and only about fifty feet distant therefrom, took up his position at that crossing and stretched out his arms to protect it during the transit of the train, thus indicating that, in his opinion, at least, this additional precaution was reasonably necessary for the safeguarding of persons who were intending to pass over the crossing.

As to the contributory negligence of Miss Webb: Assuming the factors which we have just referred to in discussing

the question of the negligence of the company to have been proved by the weight of the evidence, it was still a question for the jury to say whether a person about to cross a track, and who observed the rear end of a train at some little distance, is negligent in assuming that the train was a standstill, or, perhaps, was moving in a normal direction. It was also for the jury to say whether Miss Webb was careless in not appreciating that the ringing of the bell was an indication that the train was backing down towards the crossing, or in failing to understand that the brakeman in holloaing while standing on the rear of the train were attempting to warn her of approaching danger.

It is next urged by counsel for the defendant that the trial court was in error in charging the jury that it might find the plaintiff Miss Webb was an invitee of the defendant in going upon its property for the purpose of purchasing a newspaper. We consider that this instruction was not harmful to the defendant. On the contrary, the court might properly have instructed the jury as a matter of law, that she was an invitee. The news-stand, as the proofs show, was operated by the Union News Company, whose business there was the selling of newspapers, candies, &c., to the general public. Just what the relations betwen the railroad company and the news company were does not appear, except that the business of the latter was being conducted in the station with the knowledge and consent of the railroad company. In this situation, we think, the presumption is that the business was beneficial to both parties, for it is contrary to common experience that the owner of property will permit another to carry on business upon premises controlled by the owner unless some advantage comes to the latter thereform. Moreover, in order to reach the news-stand it was necessary for members of the general public desiring to make purchases there to pass over the lands of the railroad company adjacent to its station, and to enter the station itself; and, in permitting this to be done, the railroad company, by implication, invited the general public to use its property for the indicated purpose. As was stated by Mr.

Justice Garrison, in delivering the opinion of the Court of Errors and Apeals in *Furey* v. *New York Central and Hudson River Railroad Co.,* 67 *N. J. L.* 270, 275, "Its essence" (an implied invitation) "is that the defendant knew, or ought to have known, that something that he was doing, or permitting to be done, might give rise in an ordinary discerning mind to a natural belief that he intended that to be done which his conduct had led the plaintiff to believe that he intended."

It is further contended on the part of the defendant that the court erred in refusing to charge three separate requests submitted by it, which were based upon the theory that, if Miss Webb saw, or, by the exercise of reasonable care, could have seen, the approach of the train, and, nevertheless, attempted to pass over the crossing, she was barred from a recovery. We consider that these requests were properly refused, for the solution of the question of the exercise of reasonable care by Miss Webb, as we have already stated, did not depend altogether upon the fact that she saw the train and might have observed its movement, if she had looked more carefully, but whether, having observed it, under the conditions which have already been referred to, it was negligent for her to continue on her journey across the tracks.

Lastly, it is argued that the verdict in favor of Miss Webb, which was for $5,000, is excessive. Our examination of the proofs with relation to the character of her injuries leads us to the conclusion that this contention is justified. If Miss Webb will consent to reduce the verdict in her favor to $3,000, she may enter judgment for that amount. Otherwise, the rule to show cause in her case will be made absolute.

The rule to show cause, so far as it applies to Mr. Webb, will be discharged.